UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCARE INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:22-cv-40126-ADB |
| BRIAN DESO | ) |
| Defendant. | ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

By accompanying Motion, Defendant Brian Deso seeks dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of the Complaint and Demand for Jury Trial (the "Complaint") filed in this action by Plaintiff Lincare Inc. for failure to state a claim on which relief can be granted. As we explain below, the Complaint must be dismissed because the causes of action that Lincare has asserted in it arise out of and are related to an alleged Nonsolicitation and Nondisclosure Agreement, attached to the Complaint, that contains a mandatory forum-selection clause providing that the "exclusive venue for any action arising out of or related to" the Agreement "shall be in the Circuit Court of Pinellas County, Florida." Accordingly, this action must be dismissed.

### Background[1]

Lincare hired Mr. Deso as a Medical Sales Representative in or around February 2014, and assigned him to service various Lincare clients from its location in Worcester,

---

[1] In an effort to provide the Court with the factual background for this Motion, certain allegations made in the Complaint are recited here and below. For purposes of this Motion only Mr. Deso assumes the truth of those allegations. The recitation of those allegations here should not, however, be understood as an acceptance of their veracity for any other purpose.

1

Massachusetts. *See* Complaint at ¶¶ 9-11. On February 2, 2014, Mr. Deso entered into a Nonsolicitation and Nondisclosure Agreement (the "Agreement") with Lincare. *See id.* at ¶ 20 & Exh. 1. The Agreement contains, among other terms, provisions purporting to bar Mr. Deso, for a period of 12 months following the termination of his employment with Lincare, from soliciting certain of Lincare's clients, customers, and employees, and also from engaging in business activities that are competitive with Lincare's business within a 60-mile radius of any Lincare location at which Deso was employed. *See id.* at ¶¶ 22-24 & Exh. 1. The Agreement also contains a provision purporting to bar Mr. Deso from disclosing, directly or indirectly, any of Lincare's "Proprietary Information (as defined in the Agreement)," and requiring that he "return at Lincare's request all Proprietary Information within his possession, custody, or control." *See id.* at ¶ 25 & Exh. 1. In addition, the Agreement contains a forum-selection provision, which states in relevant part as follows: "The Parties agree that . . . the exclusive venue for any action arising out of [or] related to this Agreement shall be in the Circuit Court of Pinellas County, Florida." *See id.*, Exh. 1 at § 6(f).

In or around March 2022, Mr. Deso resigned from his employment with Lincare. *See* Complaint at ¶ 17. Also in or about March 2022, Mr. Deso became employed by Community Surgical Supply ("CSS") in a sales-related role. *See id.* at ¶ 31. According to Lincare, "CSS provides products and services that are competitive to Lincare," and Deso, "[t]hrough his relationship with CSS, . . . is in violation of the terms of the Agreement." *See id.* at ¶¶ 35-36. Lincare also alleges that Deso solicited business (or assisted CSS in accepting business) from clients and customers of Lincare in or within 60 miles of Worcester, Massachusetts, and that he has failed to return at Lincare's request all of the Lincare Proprietary Information within his possession, custody, or control. *See id.* at ¶¶ 37, 44. In addition, Lincare claims that "[t]hrough

his relationship with CSS, Mr. Deso has or "imminently will" (i) solicit other Lincare clients, customers, and employees, and (ii) disclose its Proprietary Information. *See id.* at ¶¶ 38-43.

Based on those allegations, Lincare asserts in the Complaint two causes of action against Mr. Deso. *See* Complaint at ¶¶ 65-86. The first, for breach of contract (Count I), arises out of and relates to Lincare's allegations that Mr. Deso has violated various provisions of the Agreement. *See id.* at ¶¶ 65-80. The second, for tortious interference with contractual relationships, arises out of and relates to Lincare's allegation that Mr. Deso has used "unlawful means" to induce Lincare's customers to break their business relationships and agreements with Lincare. *See id.* at ¶ 84; *see generally id.* at ¶¶ 81-86.

## **Argument**

Lincare's Complaint must be dismissed because both of its claims arise out of or are related to the Agreement, and because the Agreement contains a forum-selection clause that, by its plain terms, mandates that another forum—"the Circuit Court of Pinellas County, Florida"— is the "exclusive venue for any action arising out of or related to" the Agreement. *See* Complaint, Exh. 1 at § 6(f). Courts in the First Circuit "treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (citing *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 387 n.3 (1st Cir. 2001)). In ruling on a Rule 12(b)(6) motion, the Court may properly consider not only the facts alleged in the Complaint, but also the documents that the plaintiff has attached to the Complaint or incorporated into it. *See Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71-72 (1st Cir. 2014); *see also Rivera*, 575 F.3d at 15 (holding that the court may consider documents "made a part of" the complaint). All factual allegations set forth in the Complaint must be taken as true, but "bald assertions, unsupportable conclusions, . . . and the like need not be credited." *Rogan v. Menino*,

3

175 F.3d 75, 77 (1st Cir. 1999) (citing and quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). Further, in deciding a motion to dismiss under Rule 12(b)(6), the Court may draw inferences from the facts alleged in the Complaint, so long as those inferences are reasonable. *See, e.g.*, *Szewczyk v. Maxon Precision Motors, Inc.*, 470 F. Supp. 3d 59, 60 (D. Mass. 2020); *Advanced Tech. Corp., Inc. v. Instron, Inc.*, 925 F. Supp. 2d 170, 182 n.70 (D. Mass. 2013).

It is well-established that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see Silva*, 239 F.3d at 386.[2] The "threshold question" is whether the forum-selection clause at issue is "permissive," in that it merely "authorizes" jurisdiction and venue in a designated forum, or instead "contain[s] clear language indicating that jurisdiction and venue are appropriate ***exclusively*** in the designated forum" and is therefore "mandatory." *Stars for Art Prod. FZ*, 806 F. Supp. 2d at 446 (emphasis added). The Agreement's forum-selection clause is clearly mandatory, because it states that the designated Florida court is "the ***exclusive*** venue" for actions arising out of or relating to the Agreement. *See* Complaint, Exh. 1 at § 6(f) (emphasis added); *see, e.g.*, *Europa Eye Wear Corp. v. Kaizen Advisors, LLC*, 390 F. Supp. 3d 228, 231 (D. Mass. 2019); *see also Esquivel v. Downhole Tech. LLC*, No. MO: 20-CV-38-DC-RCG, 2020 WL 10316659, at *3 (W.D. Tex. Dec. 29, 2020).

---

[2] There are no material differences between Massachusetts law and federal law, or between Florida law and federal law, regarding the validity and interpretation of forum-selection clauses. *Stars for Art Prod. FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437, 445-46 (D. Mass. 2011) (noting also that in determining whether to enforce a forum-selection clause, Massachusetts courts "apply the *Bremen* reasonableness (or fairness) standard"); *see also Kostelac v. Allianz Global Corporate & Specialty AG*, 517 Fed. App'x 670, 674 (11th Cir. 2013) (holding that "[t]here is no conflict between Florida and federal law regarding the validity of a forum-selection clause"). Accordingly, the Court need not resolve the "daunting question whether forum selection clauses are to be treated as substantive or procedural for *Erie* purposes." *Stars for Art Prod.*, 806 F. Supp. 2d at 446.

Because the forum-selection clause is mandatory, it must be enforced unless it is unfair or unreasonable. *Silva*, 239 F.3d at 389; *see also Taylor v. Eastern Connection Operating, Inc.*, 465 Mass. 191, 194 (2013) (holding that the "opponent of a forum selection clause bears the 'substantial burden' of showing that enforcement of a forum selection clause would be unfair and unreasonable"). Here, Lincare does not allege in the Complaint that the Agreement's forum-selection clause is unfair or unreasonable, and there is nothing in any of its allegations or in the documents attached to the Complaint to suggest that enforcing the forum-selection clause would be in any way unreasonable or unfair. *See* Complaint at ¶¶ 1-86 & Exhs. 1-6. Indeed, because it may fairly be inferred from the Complaint that the Agreement and its forum-selection clause were drafted by Lincare—the Agreement is a pre-printed form with blanks into which Mr. Deso's name appears to have been handwritten, that never refers to Mr. Deso by name and instead refers to him generically as "Employee," and that Lincare alleges it imposed on Mr. Deso as a condition of his employment—Lincare is in no position to argue that enforcing the provision would be unfair or unreasonable. *See* Complaint at ¶ 21 & Exh. 1 (stating that "Employee's execution of . . .this Agreement is a requirement of his or her employment by, or continued employment with, Lincare"); *see, e.g.*, *Taylor v. Eastern Connection Operating, Inc.*, 465 Mass. at 194 (holding that since Eastern Connection "drafted the forum selection clause presumably for its own convenience . . . there is nothing unfair or unreasonable about enforcing the clause" against it); *see also Weitz Co., LLC v. Lloyd's of London*, No. 4:04-CV-90353, 2004 WL 3158070, at *6 (S.D. Iowa Dec. 6, 2004) (holding that the parties "who drafted the forum selection clause are bound to it").

Accordingly, the Agreement's forum-selection clause is enforceable, and the only remaining question is whether it applies to the causes of action that Lincare has asserted in its Complaint. *See, e.g.*, *Huffington v. T.C. Group, LLC*, 637 F.3d 18, 21 (1st Cir. 2011);

*Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 58 (D. Mass. 2011). By its terms, the clause applies broadly to "any action arising out or related to" the Agreement. *See* Complaint, Exh. 1 at § 6(f). There is no question that Lincare's breach of contract claim in Count I arises out of the Agreement, since it is the "contract" that Lincare has accused Mr. Deso of "breach[ing]." *See* Complaint at ¶¶ 66-79; *see, e.g.*, *Peak v. TigerGraph, Inc.*, Civil Action No. 1:20-cv-11496-IT, 2021 WL 1340855, at *4 (D. Mass. Apr. 9, 2021) (holding that forum-selection clause applied to claim for breach of the agreement that contained the clause); *Market Masters-Legal v. Parker Waichman Alonso, LLP*, C.A. No. 10-cv-40119-MAP, 2011 WL 196929, at *2 (D. Mass. Jan. 20, 2011) (observing that the defendant "admits, as it must, that the forum-selection clause governs the breach of contract claim"). Similarly, the tortious interference claim in Count II of the Complaint clearly arises out of and is "related to" the Agreement, since the only factual basis alleged in the Complaint for Lincare's assertion that Mr. Deso acted tortiously or "unlawful[ly]" when he allegedly interfered in its "business and contractual relationships . . . with its customers" is that his conduct was in violation of his alleged obligation under the Agreement. *See* Complaint at ¶¶ 81-86; *see generally id.* at ¶¶ 1-86. In other words, Lincare's tortious interference claim arises out of and is related to the Agreement because without it, there would be no conceivable grounds for the claim that Mr. Deso's alleged interference was "unlawful" and therefore tortious. *Id.* at ¶ 84; *see, e.g.*, *Umlaut, Inc. v. P3 USA, Inc.*, Case No. 2:19-cv-13310, 2020 WL 4016098, at *3 (E. D. Mich. July 15, 2020) (holding that forum-selection clause applied where the plaintiff's "tortious interference claims depend on the existence of the contractual relationship between the parties").[3] In any case, even if Lincare's

---

[3] *See also Huffington*, 637 F.3d at 22 (noting that "[p]hrases like 'relating to' . . . 'mean simply connected by reason of an established or discoverable relation'") (quoting *Coregis Ins. Co. v. American Health Found., Inc.*, 241 F.3d 123, 128-29 (2d Cir. 2001 (Sotomayor, J.) (collecting authorities)).

tortious interference claim were not "related to" the Agreement—and it clearly is—the claim should nevertheless be dismissed because it involves "the same operative facts" as the breach of contract claim. *See, e.g.*, *Peak*, 2021 WL 1340855, at *5; *Umlaut*, 2020 WL 4016098, at *3; *see also In re N. Parent, Inc.*, 221 B.R. 609, 630 (Bankr. D. Mass. 1998) (holding that claims that were "inextricably intertwined" with the facts underlying other claims that were governed by a mandatory forum selection clause choosing a different forum were also subject to dismissal).

In sum, Lincare's Complaint must be dismissed because the causes of action that it alleges arise out of and are related to the Agreement, and because the Agreement clearly provides that the "exclusive venue" for any such action is in another court. In addition, the forum-selection provision is prima facie valid, and Lincare does not allege and cannot argue that it is unreasonable or unfair. Accordingly, the provision is enforceable and requires that this action be dismissed.

## Conclusion

For all of the foregoing reasons, Defendant Brian Deso's Motion to Dismiss the Complaint for failure to state a claim on which relief can be granted should be allowed, and the Court should issue an Order allowing the Motion and dismissing the action with prejudice.

Respectfully submitted,

**BRIAN DESO**

By his attorney,

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
patrick.curran@ogletreedeakins.com

Dated: February 3, 2023

## CERTIFICATE OF SERVICE

       I hereby certify that on February 3, 2023, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (the "NEF"), and that paper copies will be sent to those indicated on the NEF as non-registered participants.

                                                                */s/ Patrick M. Curran, Jr.*
                                                                Patrick M. Curran, Jr.