UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LINCARE, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 4:22-cv-40126-ADB |
| | * | |
| BRIAN DESO, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Lincare, Inc. ("Lincare") brought this suit against Brian Deso ("Deso"), alleging that Deso breached a nonsolicitation and nondisclosure agreement (the "Agreement"), which he signed while employed by Lincare. [ECF No. 1 ("Compl.")]. Pending before the Court is Deso's motion to dismiss, [ECF No. 14], seeking to enforce a forum-selection clause in the Agreement that designates Florida state court as the exclusive venue for this action, [ECF No. 15 at 1]. For the reasons given below, Deso's motion, [ECF No. 14], is <u>GRANTED</u>.

I.  **BACKGROUND**

   A.  **Factual Background**[1]

Plaintiff Lincare is a Delaware corporation with its principal place of business in North Carolina. [Compl. ¶ 2]. It manufactures medical devices and provides medical services for

---

[1] For the purposes of this Order, facts are drawn from the Complaint, documents referenced therein and central to the plaintiff's claims, and documents whose authenticity is not dispute, and interpreted in the light most favorable to the plaintiff. See <u>Rivera v. Centro Médico de Turabo, Inc.</u>, 575 F.3d 10, 15 (1st Cir. 2009). As it must, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. <u>Id.</u>

patients requiring respiratory care.  [Id. ¶ 7].  Defendant Brian Deso is a resident of Massachusetts.  [Id. ¶ 3].  In or around February 2014, Lincare hired Deso to work as a Medical Sales Representative in its Worcester office.  [Id. ¶¶ 9–10].  As part of that role, Deso serviced Lincare's existing relationships with various Massachusetts hospitals, including St. Vincent's Hospital, Fairlawn Rehabilitation Hospital, the Jewish Healthcare Center, and hospitals in the UMass system.  [Id. ¶ 11].

On February 2, 2014, around the time he began working with Lincare, Deso signed the Agreement.  The Agreement contains several provisions relevant to this case, which all by their plain terms were applicable during his employment as well as for a twelve-month period after his departure from the company.  [Compl. ¶¶ 20, 22].  The provisions relevant here are as follows. First, provisions concerning the Non-Solicitation of Customers prohibited Deso from encouraging any Lincare client to reduce or shift their business away from Lincare.  [Id. ¶ 22]. Second, provisions concerning the Non-Solicitation of Employees prohibited Deso from encouraging any other Lincare employee to work for a Lincare competitor or otherwise compete with Lincare.  [Id. ¶ 23].  Third, a Non-Competition Provision prohibited Deso from himself working for any Lincare competitor located within 60 miles of a Lincare location.  [Id. ¶ 24]. Fourth, a Non-Disclosure Provision prohibited Deso from disclosing any of Lincare's proprietary information and required him to return any such information in his possession to Lincare upon request.  [Id. ¶ 25].  Finally, the Agreement includes a provision stating that "[t]he Parties agree that personal jurisdiction over them may be properly exercised and that the exclusive venue for any action arising out of [or] related to this Agreement shall be in the Circuit Court of Pinellas County, Florida."  [ECF No. 1-1].

In March 2022, Deso resigned from Lincare and began working in a sales-related role for another company, Community Surgical Supply ("CSS"). [Compl. ¶¶ 17, 31]. CSS is a provider of respiratory care products and services and a direct competitor located within 60 miles of Lincare's Worcester location. [Id. ¶¶ 32–35]. Lincare alleges that Deso has violated the Agreement by taking a job with CSS, [id. ¶¶ 36, 49], and in other ways, including by visiting and seeking business from his former Lincare customers, [id. ¶ 37]; reaching out to past coworkers, thereby encouraging them to "perform services that are competitive to Lincare," [id. ¶¶ 55–56]; and failing to return Lincare's proprietary information and potentially disclosing it to CSS or other parties, [id. ¶¶ 43–44, 60–61].

### B.     Procedural Background

Lincare filed its Complaint on November 9, 2022. [Compl.]. The Complaint alleges breach of contract (Count I) and tortious interference with contractual relationships (Count II). [Id. ¶¶ 65–80, 81–86]. On February 3, 2023, Deso moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), [ECF No. 14 at 1], which Lincare opposed on February 27, 2023, [ECF No. 20].

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). This pleading standard requires "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). When, as here, documents are attached to the complaint, the Court may consider those documents in resolving a motion to dismiss.  See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68 (1st Cir. 2014).

### III. DISCUSSION

Deso moves to dismiss this suit under Rule 12(b)(6), arguing that the Agreement's forum-selection clause requires any claims arising from the Agreement to be brought in the Circuit Court of Pinellas County, Florida. [ECF No. 15 at 1]. He argues that the forum-selection clause is enforceable, mandatory, and fully covers the claims at issue here. [Id. at 3–6]. Lincare does not contest the fairness or mandatory nature of the forum-selection clause, or that it covers its claims in this action. See [ECF No. 20]. Instead, it challenges the procedural vehicle for dismissing the complaint: Deso's motion under Rule 12(b)(6), asserting that Supreme Court and First Circuit caselaw require that forum-selection clauses targeting state forums be enforced using the forum non conveniens doctrine rather than through a Rule 12(b)(6) motion. [Id. at 1]. Further, Lincare argues that because Deso does not satisfy the forum non conveniens test, the motion must be denied. [Id.].

### A. Whether Rule 12(b)(6) Is an Appropriate Vehicle for Enforcing a Forum-Selection Clause

In the First Circuit, courts "treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." Claudio-De León v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) (quoting Rivera, 575 F.3d at 15); see also Rivera v. Kress Stores of P.R., Inc., 30 F.4th 98, 102 (1st Cir. 2022) (holding that it is "permissible" to enforce a forum-selection clause via Rule 12(b)(6)).

The First Circuit has repeatedly reaffirmed that approach, even after the Supreme Court's ruling in Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 571 U.S. 49 (2013), which—as Lincare emphasizes—held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." Id. at 60. In Atlantic Marine, however, the Supreme Court explicitly declined to decide whether Rule 12(b)(6) could serve as an alternate mechanism to enforce a forum-selection clause. Id. at 61. The First Circuit then subsequently held that "the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit, and we will not decline to review or enforce a valid forum selection clause simply because a defendant brought a motion under 12(b)(6) as opposed to under § 1404 or forum non conveniens." Claudio-De León, 775 F.3d at 46 n.3. In fact, the case on which Lincare primarily relies, Get In Shape Franchise, Inc. v. Caldwell, No. 15-cv-13118, 2016 WL 11002219 (D. Mass. Feb. 18, 2016), concludes that "the use of Rule 12(b)(6) to analyze a forum selection clause is still permissible in this Circuit." Id. at *2.

B.     **Enforceability of the Forum-Selection Clause**

Having concluded that the forum-selection clause was properly raised under Rule 12(b)(6), the Court must determine whether it is enforceable. Under federal common law,[2] "the

---

[2] Although there could be a threshold issue as to whether the Court should apply Massachusetts, Florida, or federal common law in evaluating this issue, both Massachusetts and Florida follow the federal common law approach. See Stars for Art Prod. FZ, LLC v. Dandana, LLC, 806 F. Supp. 2d 437, 446 (D. Mass. 2011) (noting that "there is no material discrepancy between Massachusetts's state law and federal law" on the enforceability of forum-selection clauses); Kostelac v. Allianz Glob. Corp. & Specialty AG, 517 F. App'x 670, 674 (11th Cir. 2013) ("There is no conflict between Florida and federal law regarding the validity of a forum-selection clause."). Neither side disputes this conclusion. Deso explicitly notes that Massachusetts and Florida have adopted the same legal test as federal common law, see [ECF No. 15 at 4 n.2 ("There are no material differences between Massachusetts law and federal law, or between Florida law and federal law, regarding the validity and interpretation of forum-selection

5

threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." Claudio-De León, 775 F.3d at 46 (quoting Rivera, 575 F.3d at 17). Permissive forum-selection clauses "authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere," whereas mandatory forum-selection clauses require that litigation occur "exclusively in the designated forum." Id. (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 1998)). "The next step in evaluating the applicability of a forum selection clause is ascertaining its scope," id. at 47, namely, whether the forum selection clause covers the claims at issue. Lincare does not dispute that the forum-selection clause is mandatory or that it is applicable to the claims at issue in this case, see [ECF No. 20], and the plain language of the provision supports both, see [ECF No. 1-1 ("[t]he Parties agree . . . that *the exclusive venue for any action arising out of [or] related to this Agreement shall be* in the Circuit Court of Pinellas County, Florida.") (emphasis added)]. The Court thus finds the forum-selection clause is both mandatory and relevant to the claims in this case.

The Court must then turn to the "the final step in evaluating the clause [which] involves asking 'whether there is some reason the presumption of enforceability should not apply.'" Claudio-De León, 775 F.3d at 48 (quoting Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir. 2010)). This is because "mandatory and unambiguous" forum-selection clauses are "presumptively enforceable" absent a showing that "doing so would be 'unreasonable.'" Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 33 (1st Cir.

---

clauses.")], and Lincare does not discuss this issue, see generally [ECF No. 20]. As such, the Court need not decide the choice-of-law question. See, e.g., Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc., 997 F.3d 367, 374 (1st Cir. 2021) (bypassing the choice-of-law issue because the two relevant states, Massachusetts and Wisconsin, "follow[ed] the federal common-law standard").

2022) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). The First Circuit has "articulated four grounds for deeming a forum-selection clause to be unenforceable." Id. Specifically, a court must determine if, (1) the clause is the product of "fraud or overreaching," (2) enforcement would be "unreasonable and unjust," (3) "proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court," or (4) enforcement would "contravene a strong public policy of the forum in which suit is brought." Id. (quoting Claudio-De León, 775 F.3d at 48–49). Beyond those four factors, courts may consider whether "public interest factors under the doctrine of forum non conveniens may sometimes provide support for rejecting enforcement," id., but those "public interest factors will rarely tip the balance," id. at 35, as "forum-selection clauses should control except in unusual cases," id. (quoting Atl. Marine, 571 U.S. at 64).

Although Lincare has only addressed forum non conveniens in its briefing, the Court will evaluate whether any of its arguments may bear on or counsel against enforceability of the forum-selection clause. There is no suggestion from Lincare, or otherwise, that the clause was the product or fraud or overreaching. Thus, the Court need only determine if enforcement would deprive Lincare of its day in court, or be unreasonable or unjust, or contrary to the public policy of the original forum—in this case, Massachusetts.

As potentially relevant to these issues, Lincare first argues that Deso has failed to show that there is an adequate alternative forum, because Deso might not be subject to personal jurisdiction in Florida. [ECF No. 20 at 5–6]. As Lincare correctly notes, see [ECF No. 20 at 5–6, "[i]n Florida law, a forum selection clause is not a sufficient basis for a conferral of personal

7

jurisdiction."[3]  Slaihem v. Sea Tow Bahamas Ltd., 148 F. Supp. 2d 1343, 1347 (S.D. Fla. 2001). However, unlike in a "typical" forum non conveniens analysis where the movant must demonstrate the existence of an adequate alternative forum,[4] Atl. Marine, 571 U.S. at 62, in the context of a forum-selection clause under Rule 12(b)(6) or forum non conveniens, the non-movant bears the burden of proof of showing that the forum-selection clause should not be enforced.  Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 292 (1st Cir. 2015) (citing Claudio-De León, 775 F.3d at 48); Atl. Marine, 571 U.S. at 63 (even in the context of forum non conveniens, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.").  Given this, Lincare's assertion that personal jurisdiction has not been "conclusively establish[ed]" in Florida is not sufficient to overcome the presumption of enforceability.  [ECF No. 20 at 5]. Lincare does not argue that Deso is not subject to Florida personal jurisdiction.  It merely notes that "Mr. Deso does not suggest or otherwise argue that he is subject to personal jurisdiction in Florida," [id. at 6], and that "Mr. Deso has not consented to jurisdiction in Florida or otherwise agreed to waive a personal jurisdiction defense," [id. at 6 n.1].  But Deso is not required to

---

[3] While federal common law, Florida law, and Massachusetts law are all generally in agreement regarding the test for the enforceability of forum-selection clauses, state law governs questions of personal jurisdiction.  In this context, Florida law determines whether a forum-selection clause can confer personal jurisdiction.  See Alexander Proudfoot Co. World Headquarters v. Thayer, 877 F.2d 912, 916–19 (11th Cir. 1989) (analyzing Florida's long-arm statute under the Erie framework and concluding that the state's limitations on contract-based personal jurisdiction applied).

[4] As Lincare recites, in cases not involving a forum-selection clause, "[d]ismissal on the basis of forum non conveniens is only appropriate upon a showing that (1) an adequate alternative forum exists, and (2) considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." [ECF No. 20 at 4–5 (citing Get In Shape Franchise, Inc., 2016 WL 11002219, at *3)].

affirmatively consent to Florida jurisdiction at this stage — instead, it is Lincare's burden to show that dismissal will render it unable to have its day in court or otherwise make enforcement of the clause unreasonable or unjust.  Because Lincare has not done so, the Court finds that this factor alone does not overcome the strong presumption in favor of enforcing the forum-selection clause.

Lincare also argues that private interests of convenience favor Massachusetts, [ECF No. 20 at 6–8], but such private interests are irrelevant to both the Rule 12(b)(6) and forum non conveniens analyses in the context of a forum-selection clause.  See Amyndas Pharms., 48 F.4th at 35 (holding, under Rule 12(b)(6), that "private inconveniences [to the party opposing enforcement of the forum-selection clause] in litigating its claims in Denmark [the selected forum] were wholly foreseeable at the time [that party] signed the . . . [relevant agreements] and, thus, its private inconveniences bear no weight." (citing Atl. Marine, 571 U.S. at 64)); Atl. Marine, 571 U.S. at 64 ("[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.  A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.").

Finally, Lincare makes several public policy arguments for why this litigation should occur in Massachusetts, including "the local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty," [ECF No. 20 at 8 (citation omitted)], which the Court finds similarly unavailing.  Courts regularly decide cases involving out-of-state legal questions, frequently requiring non-Massachusetts courts to

apply Massachusetts laws.  See, e.g., Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 740 N.E.2d 195, 201 n.7 (Mass. 2000) (endorsing "the modern view that a forum selection clause should be enforced so long as it is fair and reasonable to do so" and the parties' claims "should be heard in the forum selected by the parties," even though so holding required that plaintiffs' Massachusetts tort and consumer protection claims be litigated in French courts).  Further, the need to potentially empanel a Florida jury instead of a Massachusetts jury clearly does not rise to the level of the "sufficiently compelling circumstances" necessary to "override a mandatory forum-selection clause."  Amyndas Pharms., 48 F.4th at 35.

The Court thus finds that there is no reason not to enforce the parties' contractual forum-selection clause, and Lincare's claims must therefore be brought in Florida state court as per the agreement of the parties.

IV.     **CONCLUSION**

The motion to dismiss, [ECF No. 14], is therefore **GRANTED** without prejudice.

**SO ORDERED.**

August 25, 2023                                       /s/ Allison D. Burroughs
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE